UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA

**DARIA EDEN**                                                    **CIVIL ACTION: 24-1474**

**VERSUS**                                                        **JURY TRIAL DEMANDED**

**KEVIN'S SEAFOOD LAFAYETTE, LLC,**
**NEW KEVIN'S SEAFOOD, INC.**

## COMPLAINT

Plaintiff Daria Eden brings this suit against her former employer, Kevin's Seafood Lafayette, LLC, which operates together with New Kevin's Seafood, Inc., alleging violation of Title I of the Americans with Disabilities Act for discrimination, and violation of the Louisiana Employment Discrimination Act.

### I. INTRODUCTION

1. This case is about Plaintiff Daria Eden, a brain tumor survivor, who suffers from partial paralysis. She is able to perform most tasks, but her disability limits her range of movement, vision, and the speed at which she can work.

2. In August 2024 Ms. Eden interviewed for a cashier position at Kevin's Seafood Lafayette, LLC.

3. During the interview, Ms. Eden disclosed her disability and limitations, and Defendants represented to Ms. Eden that her limitations would not be an issue.

4. However, during Ms. Eden's first shift, a manager or owner of the Kevin's Seafood enterprise told her to "go find another job" "because you're only using one arm." Ms. Eden said "You're saying to find another job because basically because I have a disability and I'm not bagging fast enough." The manager responded, "**Yeah, you need two hands**."

5. Ms. Eden audio-recorded this conversation.

1

6. There is no dispute that Kevin's Seafood discriminated against Ms. Eden and terminated her due to her disability.

7. The Americans with Disabilities Act (ADA) prohibits discrimination on the basis of a disability when it comes to any aspect of employment, including firing.

8. The termination of Ms. Eden's employment due to her disability is a clear violation of law and has caused Ms. Eden significant humiliation and distress.

## II. JURISDICTION AND VENUE

9. This court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. § 1331, in that Ms. Eden's claims arise under the laws of the United States. Specifically, she brings this action under the Americans with Disabilities Act found in 42 U.S.C. § 12112. This court has supplemental jurisdiction over Ms. Eden's claims arising from state law in accordance with 28 U.S.C. § 1367.

10. Venue is proper pursuant to 28 U.S.C. § 1391 in that Defendants are subject to personal jurisdiction in the Western District of Louisiana. Defendants maintain their principal place of business in the Western District of Louisiana, conduct business activities within the Western District of Louisiana, and a substantial part of the events giving rise to the claims occurred in the Western District of Louisiana.

## III. PARTIES

11. Plaintiff Daria Eden is a person of the full age of majority maintaining a residence in the Western District of Louisiana. She worked for Kevin's Seafood Lafayette, LLC, one segment of the Kevin's Seafood integrated enterprise.

12. Defendant Kevin's Seafood Lafayette, LLC is a Louisiana licensed Limited Liability Company, Charter No. 45170285K. Its principal place of business and headquarters are in Lafayette, LA. It is a part of the Kevin's Seafood integrated enterprise.

13. <u>Defendant New Kevin's Seafood, Inc.</u> is a Louisiana licensed Corporation, Charter No. 42492053D. Its principal place of business and headquarters are in Lafayette, LA. It is a part of the Kevin's Seafood integrated enterprise.

14. Made Defendant herein is <u>XYZ Insurance Company</u>, which, upon information and belief, is the insurer providing coverage to Defendants for acts or omissions of officers and directors like the above-named Defendants.

### IV.   FACTS

15. Plaintiff Daria Eden is a brain tumor survivor.

16. Ms. Eden suffers from partial paralysis, which impacts her ability to use one of her arms.

17. On Wednesday, August 7, 2024, Ms. Eden interviewed for a job as a cashier at the Ambassador Caffery location of Kevin's Seafood.

18. Ms. Eden was interviewed by a manager, Ms. Cathy.

19. Upon information and belief, Ms. Cathy primarily manages the University Ave. location of Kevin's Seafood.

20. During the interview, Ms. Eden disclosed that she has a disability that limits her range of movement, vision, and the speed at which she can perform tasks.

21. Ms. Cathy assured Ms. Eden this would not be an issue.

22. Ms. Cathy gave Ms. Eden a work schedule for the coming week for the 11:00 a.m. to 4:00 p.m. shift.

23. On Monday, August 12, 2024, Ms. Eden arrived for her first shift.

24. For approximately three hours, Ms. Eden performed her job responsibilities without issue or complaint.

25. After three hours, around 2:00 p.m., an older gentlemen approached Ms. Eden and handed her cash.

26. Ms. Eden did not understand the man's accent and believed he was handing her a tip.

27. Ms. Eden returned to work, however, the man approached again and led her into a back office.

28. Ms. Eden then understood him to be a manager or owner of the Kevin's Seafood enterprise.

29. The Kevin's Seafood manager or owner explained that the cash was to compensate her for time she had worked that day, and that she was fired: **"go find another job."**

30. He explicitly stated that Ms. Eden was fired because: **"you're only using one arm."**

31. Ms. Eden responded that this is due to her disability, which she disclosed in her interview, and that terminating her employment because of it is discriminatory:

> **Ms. Eden:** **You're saying to find another job because basically because I have a disability and I'm not bagging fast enough.**
>
> **Manager:** **Yea, you need two hands.**
>
> **Ms. Eden:** **That's discrimination. I'm still bagging. With one hand, I'm still bagging.**
>
> **Manager:** **You can go find another job.**

32. Ms. Eden audio-recorded this conversation.

33. Ms. Eden was terminated from her employment on that day.

34. Since her termination on August 12, 2024, Ms. Eden has diligently applied and interviewed for other jobs.

35. On September 19, 2024, Ms. Eden secured a position as a cashier at another business.

36. Ms. Eden's current employer is only able to offer and schedule her for 8 hours per week at an hourly rate of $11.00/hour.

37. The position Ms. Eden was terminated from at Kevin's Seafood was for 20 hours per week at an hourly rate of $10.00/hour.

38. As a result, Ms. Eden has suffered a loss of wages, as well as damages related to the emotional toll of explicitly being terminated due to her disability in such a humiliating manner.

## V. CAUSES OF ACTION

### *Count One*– Violation of Rights Under the Americans with Disabilities Act

39. Plaintiff realleges and incorporates each and every foregoing paragraph.

40. A disability under the ADA is "an impairment that substantially limits one or more major life activities, a record of such an impairment, or being regarded as having a disability." 42 U.S.C. § 12102(1); 29 C.F.R. § 1630.2(g).

41. Ms. Eden is a brain tumor survivor.

42. As a result of the brain tumor, Ms. Eden is partially paralyzed – a physical impairment that limits her range of movement, field of vision, and the speed at which she can perform tasks.

43. Ms. Eden qualifies as a person with a disability under the ADA both because she has a record of such an impairment, which she disclosed to Defendants during her interview, and because she is regarded as having a disability because her partial paralysis is visibly apparent. *See Rodriguez Diaz v. Big K-Mart*, 582 F.Supp.2d 147, 153 (D.P.R. 2008) (finding complaint sufficiently alleged disability discrimination under the ADA, where plaintiff's disability allegation was that she suffered post-stroke impairments that substantially limited major life activities by causing increased pain and longer time to complete tasks than the average person).

44. When Defendants terminated Ms. Eden because of her disability – using only one arm to bag items – they violated her employment rights under the ADA.

### *Count Two* - Louisiana Employment Discrimination Law

45. Plaintiff realleges and incorporate each and every foregoing paragraph.

46. La. R.S. 23:323(B)(2) makes it unlawful to discriminate against any individual in employment based on their disability.

47. The Louisiana anti-discrimination law shares a similar scope and applicability to its federal counterparts plead herein. *White v. Golden*, 982 So.2d 234, 243 (La. App. 2008).

48. Ms. Eden's physical impairment, sustained from a brain tumor, satisfy the disability requirement under La. R.S. 23:322(3).

49. Ms. Eden is also otherwise qualified under La. R.S. 23:322(8) because she performed the essential functions of the cashier position with the reasonable accommodation of going at a moderately slower pace to bag items.

50. By the conduct alleged herein, Defendants subjected Ms. Eden to disability discrimination by explicitly discharging her from employment due to her disability, in violation of the Louisiana Employment Discrimination Law.

51. No employer may fail or refuse to reasonably accommodate an otherwise qualified person with a disability on the basis of a disability, when it is unrelated to the individual's ability, with reasonable accommodation, to perform the duties of a particular job or position. La. R.S. 23:323(B)(1).

52. No employer may discharge or otherwise discriminate against an otherwise qualified person with a disability with respect to compensation or the terms, conditions, or privileges of employment on the basis of a disability when it is unrelated to the individual's ability to perform the duties of a particular job or position. La. R.S. 23:323(B)(2).

53. When Defendants fired Ms. Eden, telling her "go find another job" because she was "only using one arm" and "you need two hands," they wrongfully terminated her and violated the Louisiana Employment Discrimination Law.

## V.

## RELIEF REQUESTED

54. Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury on all questions of fact raised by the complaint.

55. Wherefore Plaintiff requests judgment be entered against Defendant and that the Court grant the following:

   i. Declaratory relief;
   ii. Judgment against Defendants for Plaintiff's asserted causes of action;
   iii. Award of compensatory damages;
   iv. Award of special damages and punitive damages;
   v. Award costs and attorney's fees;
   vi. Order such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

56. Plaintiff states any and all other causes of action that may become known through a trial of this matter on its merits against any and all other parties which are herein named or which may be added later, and request any and all other damages or remedies which this Court may seem equitable.

57. Plaintiff reserves the right to notice of defect to this pleading and reserves the right to amend or supplement this Petition after discovery of any additional fact, law, or claim, the amendment of which to be performed by the filing of any subsequent pleading.

Respectfully submitted,

*/s/ Hope Phelps*
**HOPE PHELPS (La. Bar No. 37259)**
**WILLIAM MOST (La. Bar No. 36914)**
Most & Associates
201 St. Charles Ave., Ste. 2500, #9685
New Orleans, LA 70170
Tel: (504) 500-7974
Email: hopeaphelps@outlook.com
***Counsel for Plaintiff, Daria Eden***